C|M
D'I|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELIJA JOHNSON,

                        Plaintiff,

            - against -

PARAGON RECYCLING AND
TRANSFER CORP.,

                        Defendant.

------------------------------------------------------X

**OPINION & ORDER**

06-cv-3288 (SJF)(ETB)

FEUERSTEIN, J.:

Plaintiff Elija Johnson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983

on July 12, 2005. Plaintiff, who is proceeding *in forma pauperis*, now moves the Court for the

appointment of counsel. For the reasons set forth below, the application is denied.

## APPLICATION FOR APPOINTMENT OF COUNSEL

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any

person unable to afford counsel." Courts possess broad discretion when determining whether

appointment of counsel for civil litigants is appropriate, "subject to the requirement that it be

'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d

Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. §

1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona

v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers,

802 F.2d 58, 61 (2d Cir. 1986) (holding that the district judge should first determine whether the

1

indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that a plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, the factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92 CV 1508, 1992 WL 320402 * 3 (S.D.N.Y., Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on the failure of the pleadings to satisfy the threshold requirement of a likelihood of merit).

In his complaint, Plaintiff alleges that he was harassed and not promoted because of his race. The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation, since (1) plaintiff does not indicate that his claims

rely on facts that require further investigation; (2) plaintiff has adequately and competently set forth his claims in his complaint; (3) plaintiff appears capable of preparing and presenting his case; and (4) there is no special reason to appoint counsel at this time.

## CONCLUSION

Accordingly, plaintiff's application for appointment of counsel is DENIED subject to renewal.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 31, 2006
Central Islip, New York

3

Copies to:

Elija Johnson
133 Coolidge Avenue
Amityville, NY 11701

Adam C. Weiss
John Thomas Bauer
Littler Mendelson
532 Broadhollow Rd., Suite 142
Melville, NY 11747